UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AAA MAX 1 LIMITED, AAA MAX 2 LIMITED, AAA MAX 3 LIMITED, AAA MAX 4 LIMITED, AAA B787 2 LIMITED and AAA B787 3 LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. C23-1356RSM<br><br>ORDER RE: DEFENDANT'S MOTION TO SEVER |

This matter arises out of Boeing's sale of 737 MAX and 787 Dreamliner aircraft to Norwegian Air Shuttle ASA, which were then ultimately assigned to and purchased by the AAA Entities in the caption above. The AAA Entities are "special purpose vehicles that have been involved in purchasing, leasing, reselling and/or re-leasing the aircraft at issue in this case." Dkt. #67 at 1. Boeing removed this case to federal court in 2023, with related litigation going all the way back to 2020. *See* Dkt. #1; Dkt. #79-1.

This matter now comes before the Court on Defendant Boeing's Motion to Sever, Dkt. #122. Boeing moves to sever Plaintiffs under Rule 20, arguing that the AAA "MAX" Plaintiffs are bringing claims related to issues with the 737 MAX and that the AAA 787 Plaintiffs are,

ORDER RE: DEFENDANT'S MOTION TO SEVER - 1

obviously, bringing claims related to issues with the 787 Dreamliner. These are different planes with different claims about why Boeing breached contracts. *See* Dkt. #105. Plaintiffs also bring fraud claims, but only as to the 737 MAX and not the 787. *See* Dkt. #67. Plaintiffs, all represented by the same counsel, have filed an opposition. Dkt. #127. The Court has determined that it can rule on this Motion without the need of oral argument.

The parties agree that Rule 20, Permissive Joinder of Parties, applies. Permissive joinder is appropriate only when multiple plaintiffs each assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). But even when Rule 20(a)(1)'s threshold requirements are met, a district court must also "examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank*, 623 F.2d at 1375). Rule 20 is "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). The same-transaction and common-question requirements are "not rigid tests, but rather are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp.*, Inc., 99 F. Supp. 3d 1110, 1187-88 (C.D. Cal. 2015) (cleaned up).

ORDER RE: DEFENDANT'S MOTION TO SEVER - 2

Bifurcation is permissible under Federal Rule of Civil Procedure 42(b) and allows the parties and the Court to proceed in two separate trials. Bifurcation requires courts to consider similar factors as above, namely "convenience, prejudice, judicial economy, risk of confusion, and whether the issues are clearly separable." *Collins v. Milliman, Inc.*, No. 2:22-cv-0061-RAJ, 2023 WL 3891749, at *5 (W.D. Wash. June 8, 2023). Bifurcation to avoid prejudice or to expedite and economize are "independent reasons, any one of which is enough to order bifurcation." *Larsen v. PTT, LLC*, No. 3:18-cv-05275-TMC, 2024 WL 5088342, at *7 (W.D. Wash. Dec. 12, 2024).

The Court has reviewed the briefing of the parties and is convinced that severing the 737 MAX claims from the 787 Dreamliner claims would result in delay, duplication of discovery efforts, and repetition of dispositive motion briefing; it may also over-complicate pretrial evidentiary issues. The Court questions why Boeing would move for severance now, after years of litigation and several logical opportunities to do so, such as when Boeing filed a motion to dismiss. The Court agrees with Plaintiffs that this Motion is almost certainly a delay tactic that would prejudice Plaintiffs and result in almost no convenience benefit. Construing Rule 20 liberally, Plaintiffs have adequately demonstrated that their claims arise out of a series of transactions with common questions of law or fact. Accordingly, severance is not warranted.

On the other hand, Boeing has made a credible argument for bifurcation. Although Plaintiffs are talking about the same *kind* of contracts in both cases, and there may be an overlap of witnesses, the allegations against Boeing for each plane are sufficiently distinct as to lead to a high likelihood of juror confusion or even prejudice. For example, facts concerning fraud for the 737 MAX could improperly influence the jury when deciding questions about

ORDER RE: DEFENDANT'S MOTION TO SEVER - 3

breach of contract for the 787 Dreamliner. Accordingly, the Court will deny Boeing's request to sever but grant its request for trial bifurcation.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Boeing's Motion, Dkt. #122, is GRANTED IN PART. Trial is this matter will be bifurcated, with the jury reaching a verdict on one matter before turning to the second. Given the relative risk of prejudice from one claim to the other, and the fraud claim only existing for the 737 MAX planes, it makes sense to the Court for the jury to hear the 787 Dreamliner claims first. The parties are to submit a joint proposed plan for a bifurcated trial with their proposed pretrial order, currently due May 27, 2026.

DATED this 13th day of August, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: DEFENDANT'S MOTION TO SEVER - 4