UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AAA MAX 1 LIMITED, AAA MAX 2 LIMITED, AAA MAX 3 LIMITED, AAA MAX 4 LIMITED, AAA B787 2 LIMITED and AAA B787 3 LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. C23-1356RSM<br><br>ORDER DENYING BOEING'S MOTION TO DROP PLAINTIFF UNDER RULE 21 |

    This matter arises out of Boeing's sale of 737 MAX and 787 Dreamliner aircraft to Norwegian Air Shuttle ASA, which were then ultimately assigned to and purchased by the AAA Entities in the caption above. The AAA Entities are "special purpose vehicles that have been involved in purchasing, leasing, reselling and/or re-leasing the aircraft at issue in this case." Dkt. #67 at 1. All AAA Entities are represented by the same counsel, filing motions and responding to motions as a group.

    This matter now comes before the Court on Defendant Boeing's "Motion to Drop the AAA B787 2 Limited Plaintiff," Dkt. #132. Boeing states that "the AAA B787 2 Limited Plaintiff pleaded claims relating only to its purchase of one 787 Dreamliner aircraft (MSN

ORDER DENYING BOEING'S MOTION TO DROP PLAINTIFF UNDER RULE 21 - 1

63316)," and that this Court has "dismissed as untimely all claims related to that aircraft." Dkt. #132 at 2 (citing Dkt. #105 at 8). Boeing asks the Court to "exercise its discretion under Federal Rule of Civil Procedure 21 to drop the AAA B787 2 Ltd. Plaintiff as an unnecessary party in this action because all claims relating to that entity have already been dismissed." *Id*.

In Response, Plaintiffs raise a concern about that Plaintiff's right to appeal, argue that AAA B787 2 is no longer seeking discovery or filing motions, and state that this plaintiff's continued presence in this case "has not added any additional burden on Boeing or the Court." Dkt. #135 at 2.

Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "The decision to add or drop a party is left to the district court's sound discretion." *E.H. v. Issaquah Sch. Dist.*, No. C23-1743, 2024 WL 3950350, at *2 (W.D. Wash. Aug. 27, 2024).

The Court agrees with Plaintiffs. There is no reason to believe that AAA B787 2's continued presence as a named plaintiff in this case will be a source of burden or prejudice to Boeing. Boeing has failed to meet its burden for seeking the instant relief.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Boeing's Motion, Dkt. #132, is DENIED.

DATED this 24th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING BOEING'S MOTION TO DROP PLAINTIFF UNDER RULE 21 - 2