UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AAA MAX 1 LIMITED, AAA MAX 2 LIMITED, AAA MAX 3 LIMITED, and AAA MAX 4 LIMITED,<br><br>                    Plaintiffs,<br><br>      v.<br><br>THE BOEING COMPANY,<br><br>                    Defendant. | No. 2:23-cv-01356 RSM<br><br>**STIPULATED MOTION AND ORDER TO REVISE CASE SCHEDULE** |

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rules 7(d)(1), 7(j), 10(g), and 16(b)(6), Plaintiffs AAA MAX 1 Limited, AAA MAX 2 Limited, AAA MAX 3 Limited, and AAA MAX 4 Limited, and Defendant The Boeing Company (collectively, "the Parties"), jointly move the Court for an order revising the case schedule. Based on the nature of the claims and defenses at issue in this litigation, the discovery that each party believes is necessary to prosecute the litigation, and the trial schedules in related cases, the Parties respectfully request that the Court continue the pending pre-trial deadlines in this matter by three months and reset the trial date to mid-February 2027. For the reasons set forth below, good cause exists for this requested extension.

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE –1

## II.   LEGAL STANDARDS

"The decision to modify a scheduling order is within the broad discretion of the district court." *Conrad v. Cinemark USA, Inc.*, No. C25-491, 2025 WL 3755667, at *1 (W.D. Wash. Dec. 29, 2025) (Martinez, J.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Based on that discretion, the Court may extend the case schedule for "good cause." Fed. R. Civ. P. 16(b)(4); *accord* LCR 16(b)(6).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. It also considers the "rights of the parties, the ends of justice, and judicial economy." *Fed. Trade Comm'n v. Noland*, Nos. CR-20-00047, CV-00-2260, 2021 WL 1541624, at *3 (D. Ariz. Apr. 19, 2021) (quoting *United States v. Dang*, 488 F.3d 1135, 1142–43 (9th Cir. 2007)); *see also* LCR 1(a) ("These rules should be interpreted so as to be consistent with the Federal Rules and to promote the just, efficient, speedy, and economical determination of every action and proceeding."). Based on those considerations, the "court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. Proc. 16 advisory committee's notes to 1983 amendment).

Separately, Local Civil Rule 7(j) establishes that "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."

## III.   ARGUMENT

Good cause exists to extend the schedule here. The Parties have diligently prosecuted this action, have made good progress on discovery so far, and have been meeting and conferring on remaining fact, expert, and third-party discovery matters. At this point, however, the Parties will not have sufficient time to conclude their discovery efforts before the current June 9, 2026 discovery deadline.

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE –2

Indeed, the current case deadlines cannot reasonably be met due to factors outside the Parties' control. "An extension normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed v. Kariko*, No. 3:20-CV-5580, 2021 WL 3563089, at *2 (W.D. Wash. June 30, 2021) (citation modified). Here, two third parties produced nearly 10,000 documents only recently, on April 10, 2026, despite Boeing's having served the subpoenas in November 2025. Productions from those and other third parties are still ongoing. Moreover, the Parties have been meeting and conferring to address questions about the content of the party and third-party productions, and they are preparing additional productions, including in response to recently propounded document requests.

Given that document discovery is still ongoing, the Parties have not been able to begin depositions in earnest. While they have completed one fact deposition so far, they still have more than 15 depositions left to take, including those of corporate representatives, third-party witnesses, and expert witnesses. Several of those depositions will be abroad and therefore require additional coordination. And several of Boeing's counsel, including the undersigned, will be unavailable for much of May 2026—just before the close of fact discovery in this case on June 9—because they will be in trial starting on May 11, 2026, before this Court in *Polskie Linie Lotnicze Lot S.A. v. Boeing Co.*, No. 2:21-cv-01449. "Unavailability of trial counsel typically constitutes good cause for continuance of trial." *Tierney v. Carrington Mortg. Servs., LLC*, No. C20-1245, 2021 WL 4267821, at *1 (W.D. Wash. Sept. 7, 2021) (Martinez, J.). It similarly supports the need for a continuance here. *See id.* (continuing trial date in part because defendant's counsel was ordered to appear as trial counsel in another case and defendant had been diligent in preparing for the instant case's trial).

Another consideration supporting the requested extension is that the current trial date in this case likely would overlap with the trial scheduled before this same Court in another case involving Boeing and the undersigned. Trial in that other case, *Timaero Ireland Ltd. v. Boeing Co.*, is scheduled to begin on October 26, 2026, Order Granting Stipulated Motion to Amend Case

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE –3

Schedule at 2, No. 2:21-cv-00488-RSM (W.D. Wash. Mar. 20, 2026), Dkt. #221, only three weeks before the currently scheduled start of trial in this case on November 16, 2026, Dkt. #145 at 1. Continuing trial in this case therefore would avoid potential complications that could arise with both the Court's and Boeing's (and counsel's) schedules.

No party alleges it would be prejudiced by the proposed schedule extension. To the contrary, extending the case schedule will benefit both the Parties and the Court by allowing the development of a more complete record, while minimizing the burden on the parties and witnesses in this and the related cases. *See Reed*, 2021 WL 3563089, at *2 (granting defendants' motion to amend pretrial scheduling order because, *inter alia*, an extension would not prejudice plaintiff and in fact would benefit plaintiff by giving him more time to conduct discovery); *St. George v. Sequim Sch. Dist.*, No. 18-CV-05372, 2018 WL 6518118, at *1 (W.D. Wash. Dec. 11, 2018) ("An extension of the remaining court deadlines is appropriate to allow the parties to complete discovery and engage in further discussions related to resolution.").

Finally, this request is timely because this motion is being filed more than one month before the current June 9, 2026, discovery deadline and more than six months before the current trial date, allowing the Court sufficient time to decide the motion and effectively manage its own trial calendar. *See* LCR 7(j); *Young v. Pena*, No. C18-1007, 2019 WL 461161, at *2 (W.D. Wash. Feb. 6, 2019) (granting motion for relief from a deadline in part because the motion was timely filed five days before the deadline). Moreover, the Parties are requesting a trial date that is well into 2027 and that avoids federal holidays, thereby reducing disruption of the Court's own schedule and being mindful of the impacts on potential jurors.

Given these considerations, the Parties agree the pending pre-trial deadlines in this matter should be extended by three months and the trial date should be continued to February 16, 2027.[1] And for those same reasons, the Court should grant this motion. *See Conrad*, 2025 WL 3755667,

---

[1] Acknowledging that the Court may not be available on this specific date, the Parties note that they are generally available for trial starting in February at the Court's convenience and would be open to other trial dates in the event the Court is not available in February.

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE –4

at *1 ("[The movant] appears to have acted diligently in completing discovery and preparing for trial, and the Court finds good cause to amend the scheduling order.").

Accordingly, the Parties respectfully request that the Court enter an order modifying the schedule as follows:

| Deadline | Current Dates | New Dates |
|---|---|---|
| Deadline for filing motions related to discovery | May 11, 2026 | August 11, 2026 |
| Discovery completed by | June 9, 2026 | September 9, 2026 |
| All dispositive motions must be filed by | June 22, 2026 | September 22, 2026 |
| Mediation per LCR 39.1(c)(3), if requested by the parties, held no later than | August 20, 2026 | November 20, 2026 |
| Motions *in limine* filed by | September 9, 2026 | December 9, 2026 |
| Agreed pretrial order due | September 29, 2026 | January 6, 2027 |
| Pretrial conference | *To be scheduled by the Court* | *To be scheduled by the Court* |
| Trial briefs, proposed voir dire questions, jury instructions, neutral statement of the case, and trial exhibits due | October 22, 2026 | January 22, 2027 |
| Jury trial date | November 16, 2026 | February 16, 2027 |

## IV.    CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court revise the case schedule as set forth above.

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE –5

DATED: April 30, 2026

By: s/ *James G. Diehl*

James G. Diehl
Malaika M. Eaton
Michael P. Hatley
Robert M. Sulkin
**McNaul Ebel Nawrot & Helgren PLLC**
600 University St, Suite 2700
Seattle, WA 98101
jdiehl@mcnaul.com
meaton@mcnaul.com
mhatley@mcnaul.com
rsulkin@mcnaul.com

*Attorneys for Plaintiffs*

By: s/ *Michael S. Paisner*

Mica D. Klein, Bar No. 46596
Michael S. Paisner, Bar No. 48822
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3805
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
MicaKlein@perkinscoie.com
MPaisner@perkinscoie.com

Matthew R. Koerner, admitted *pro hac vice*
**Perkins Coie LLP**
2525 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: +1.602.351.8000
MKoerner@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE –6

**ORDER**

Based upon the foregoing Stipulation, the Court hereby modifies the case schedule as set forth above.

IT IS SO ORDERED.

DATED this 1st day of May, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE –7